865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary J. SHELBY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1135.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Mary J. Shelby appeals from the Secretary's denial of Social Security disability benefits. Because we conclude the Secretary's decision was not supported by substantial evidence, we reverse.
 
 
 2
 Shelby claims that she has been totally disabled since January 1980, due to arthritis in her left knee, back, and shoulder; psychological problems; pulmonary disorders; and chest pains. The Administrative Law Judge (ALJ) denied benefits, finding Shelby did not have a severe impairment. The Appeals Council (AC) found that Shelby's orthopedic ailments did constitute a severe impairment. The AC noted that based on her exertional impairments alone, Shelby would not be disabled from sedentary work under 20 C.F.R. Part 404, Subpart P, App. II, Rule 201.27 ("the Grid"). However, because Shelby's psychological problems constituted "nonexertional limitations which compromised the range of work for which she is considered qualified based on exertional factors alone," the AC employed the Grid only as a "framework" for its decision. Under this framework, the AC concluded appellant retained the capacity for sedentary work.
 
 
 3
 If a claimant's nonexertional impairment restricts her ability to perform "a full range of work at the appropriate residual functional capacity level, nonexertional limitations must be taken into account and a non-guideline determination made." Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 528-29 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). In the present case, the AC found that appellant suffered from a significant nonexertional limitation--her psychological problems--and correctly applied the Grid only as a framework for decision. However, the Secretary's "non-guideline determination" that appellant is not disabled lacks support in substantial evidence. When the Grid is used as a framework, the Secretary must adduce sufficient evidence "regarding the availability of jobs which this particular claimant can exertionally handle." Id. at 531 (citations omitted). This the Secretary failed to do. The Secretary did not present any evidence that sedentary jobs which appellant could perform exist; on the contrary, the Vocational Expert testified that based on the psychological reports admitted at Shelby's hearing, "there would be no jobs" which she could handle.
 
 
 4
 Because the Secretary failed to present substantial evidence that sedentary work compatible with appellant's nonexertional limitations is available, the judgment of the District Court is REVERSED and the action is REMANDED to the District Court for remand to the Secretary with the direction to award benefits.